# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VALMONT INDUSTRIES, INC. | ) <br> ) <br> ) |
| Plaintiff, | ) <br> )    C.A. No. _____ |
| v. | ) <br> )    JURY TRIAL DEMAND |
| AMPHENOL CORPORATION and OUTDOOR WIRELESS NETWORKS LLC | ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

## COMPLAINT

Plaintiff Valmont Industries, Inc. ("**Valmont**" or "**Plaintiff**") by and through its undersigned counsel, hereby files the following Complaint against Defendant Amphenol Corporation ("**Amphenol**") and Outdoor Wireless Networks LLC ("**Outdoor Wireless**") (collectively "**Defendants**"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for infringement of U.S. Patent Nos. 11,274,435 ("**the '435 Patent**") ("**the '435 Patent**") arising under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*, from Defendants' unauthorized manufacture, use, offer for sale, sale, and/or importation into the United States of devices that infringe one or more claims of the '435 Patent. As set forth herein, Plaintiff brings this action to recover all damages associated with Defendants' infringement of the '435 Patent, including Plaintiff's attorneys' fees and costs, and to enjoin Defendants from infringing the '435 Patent.

**PARTIES**

2. Plaintiff is a Delaware corporation with a principal place of business at 15000 Valmont Plaza, Omaha, NE 68154.

3. Upon information and belief, Amphenol is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 358 Hall Avenue, Wallingford, Connecticut 06492.

4. Upon information and belief, Outdoor Wireless is a Delaware limited liability company, with its principal place of business at 2601 Telecom Parkway, Richardson, Texas 75082. Upon information and belief, Outdoor Wireless is wholly owned by Amphenol.

5. Upon information and belief, Outdoor Wireless operates under the d/b/a "ANDREW."

6. Upon information and belief, Amphenol CommScope Technologies LLC ("**CommScope**") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 1100 CommScope Place Southeast, Hickory, NC 28602.

7. Upon information and belief, CommScope recently divested its interest in its Outdoor Wireless Networks segment by selling it to Outdoor Wireless.

**JURISDICTION AND VENUE**

8. This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

10. This Court has personal jurisdiction over Amphenol because Amphenol is a Delaware corporation, because Amphenol has designated an agent in Delaware for service of

process, and/or because Amphenol has been conducting and/or is presently conducting business in the District of Delaware on a regular basis.

11.     This Court has personal jurisdiction over Outdoor Wireless because Outdoor Wireless is a Delaware limited liability company, because Outdoor Wireless has designated an agent in Delaware for service of process, and/or because Outdoor Wireless has been conducting and/or is presently conducting business in the District of Delaware on a regular basis.

12.     Upon information and belief, venue is also proper in this District under 28 U.S.C. 1400 because Amphenol is incorporated in Delaware and therefore resides in Delaware for the purposes of this Action.

13.     Upon information and belief, venue is also proper in this District under 28 U.S.C. 1400 because Outdoor Wireless is incorporated in Delaware and therefore resides in Delaware for the purposes of this Action.

## PLAINTIFF AND THE '435 PATENT

14.     Plaintiff is a Delaware corporation headquartered in Omaha, Nebraska that, *inter alia*, engineers, manufactures and sells a broad range of wireless site components under the Site Pro 1 brand.

15.     Plaintiff's mission is to develop and deliver innovative solutions that help its customers achieve faster site approval and improved wireless network performance.

16.     In connection with its mission, Plaintiff has developed valuable intellectual property rights, including the '435 Patent.

17.     On March 15, 2022, the United States Patent and Trademark Office ("**USPTO**") duly and legally issued the '435 Patent, entitled "Bolt Calibrated Angle Mainstay For Wall Connection System And Method For Use" after a full and fair examination. A true and correct copy of the '435 Patent is attached as **Exhibit 1**.

18. Plaintiff owns the entire right, title, and interest in and to the '435 Patent, possesses the right to sue for infringement of the '435 Patent to recover past and present damages, as well as seek an injunction or reasonable royalties against future infringement.

## DEFENDANTS' INFRINGING PRODUCTS

19. Upon information and belief, Defendants (and previously, Amphenol's predecessor-in-interest, CommScope) manufacture, use, sell, offer for sale, and/or import into the United States the SFG22HD (drawings attached as **Exhibit 2**) and SFG23HD (drawings attached as **Exhibit 3**) Sector Frame Series products (collectively the "**Accused Product**") that infringe the '435 Patent.

20. On information and belief, the Accused Product infringes at least Claim 1 of the '435 Patent, as alleged in the following paragraphs. The following allegations are illustrative and are provided for purposes of satisfying Plaintiff's pleading obligations and should not be construed as limiting. Plaintiff will serve infringement contentions in this case in accordance with the Local Rules and the case schedule entered by the Court.

**Claim 1 of the '435 Patent**

21.     The exemplary Accused Product comprises an upper bracket element (1.0), wherein the upper bracket element comprises a front plate (1.2), a back bracket (1.1) and a plurality of connecting bolts (1.3); wherein the front plate is attached to a right front wing (1.1.1) having a plurality of right wing slots; wherein the front plate is attached to a left front wing (1.1.2) having a plurality of left wing slots; wherein the right and left front wings extend horizontally away from the front surface of the front plate as shown in the following:



22.     The exemplary Accused Product comprises a straight slot weldment (1.4), wherein the straight slot weldment comprises a right side wall (1.4.3) and a left side wall (1.4.4 ) and an adjusting bolt guide (1.4.5); wherein the right and left side walls further comprise a plurality of

right wall slots and left wall slots (1.5); further wherein the straight slot weldment is attached to the left front wing and the right front wing, as shown herein.

23. The exemplary Accused Product comprises a plurality of adjusting bolts (1.6), wherein at least one adjusting bolt extends through a left wing slot, one of the left wall slots, one of the right wall slots, and a right wing slot, as shown above.

24. The exemplary Accused Product comprises a lower bracket element (2.0), wherein the lower bracket element comprises a lower backing bracket (2.1) and a lower front plate (2.1), as shown in the following:



25. The exemplary Accused Product comprises a vertical wall section (3.0), wherein the vertical wall section comprises at least one lateral spanning element (3.1) comprising a lateral spacing element, a first securing weldment and a second securing weldment; vertical supports

(3.2), wherein the vertical supports are substantially orthogonal to the at least one lateral spanning element; and a plurality of cross spanning members (3.3), as shown in the following:



26.     Defendants' actions (and those previously of CommScope) have been without the authorization, permission, or consent of Plaintiff.

## COUNT I

### (Infringement of the '435 Patent)

27.     Plaintiff realleges and incorporates by reference the allegations in the foregoing paragraphs.

28. The activities of Defendants in making, using, offering to sell, and/or selling in the United States and/or importing into the United States the Accused Product constitutes direct infringement of at least claim 1 of the '435 Patent, in violation of 35 U.S.C. § 271(a).

29. As a direct and proximate result of the infringement of the '435 Patent by Defendants, Plaintiff has been and continues to be damaged.

30. The infringement of the '435 Patent by Defendants has caused irreparable injury to Plaintiff, to which there exists no adequate remedy at law, and will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in its favor and against Defendants as follows:

A. Declaring that Defendants have directly infringed the '435 Patent literally and/or under the Doctrine of Equivalents;

B. Awarding Plaintiff damages pursuant to 35 U.S.C. § 284 sufficient to compensate Plaintiff for Defendants' infringement of the '435 Patent and any continuing or future infringement thereof in an amount not less than a reasonable royalty;

C. Awarding Plaintiff pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest, expert fees, and costs incurred during this litigation, in accordance with 35 U.S.C. § 284;

D. Awarding Plaintiff it's attorneys' fees incurred in this litigation pursuant to 35 U.S.C. § 285;

E. Temporarily, preliminarily, and permanently enjoining Defendants, its affiliates, subsidiaries, and each of their members, officers, agents, servants, and employees, and those acting

in privity or concert with any of them, until after the expiration date of the '435 Patent, including any extensions and/or additional periods of exclusivity to which Plaintiff is or becomes entitled, from: (a) making, using, offering to sell, or selling in the United States, or importing into the United States, the Accused Product or any colorable imitation thereof; (b) making, using, offering to sell, or selling in the United States, or importing into the United States, any component of the Accused Product that constitutes a material part of the inventions claimed by the '435 Patent; (c) making, using, offering to sell, or selling in the United States, or importing into the United States, or any other device that infringes the '435 Patent; and (d) practicing or encouraging others to practice any method that infringes the '436 Patent; and

F.  Awarding such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and District of Delaware Local Rule 38.1, Plaintiff demands a trial by jury of all issues so triable.

Dated: November 7, 2025

OF COUNSEL:

John R. Posthumus
POLSINELLI PC
1401 Lawrence Street, Suite 2300
Denver, CO 80202
(303) 572-9300
jposthumus@polsinelli.com

POLSINELLI PC

*/s/ Stephen J. Kraftschik*
Stephen J. Kraftschik (#5623)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
(302) 252-0926
skraftschik@polsinelli.com

*Attorneys for Plaintiff Valmont Industries, Inc.*